**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

JOHN D. REINKE,

      Plaintiff,

      v.                                  Case No. 10-C-795

CARGILL, INCORPORATED,

      Defendant.

## DECISION AND ORDER

### NATURE OF THE CASE

The plaintiff, John D. Reinke, filed this action in federal court on September 14, 2010, asserting that the defendant violated his rights under the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681, et seq., when it rescinded an offer of employment based on information obtained from a consumer report. On October 20, 2010, the defendant filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12. (Docket #4).

The defendant originally filed this motion as a motion to dismiss or, in the alternative, a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. Pursuant to the plaintiff's letter request of November 16, 2010, the court held a telephone conference with the parties on that same date, at which time it was determined that a motion for summary judgment was premature at this point in the proceedings. Accordingly, on November 19, 2010, the court denied the defendant's motion for summary judgment without prejudice and directed the defendant to file a reply brief in support of its motion to dismiss.

Following the court's order denying the motion for summary judgment, the defendant filed a reply brief further explaining the scope of its motion to dismiss:

> Because the Court has now ruled that any summary judgment motions are premature at this time, this Reply Memorandum is submitted only in support of [the defendant's] motion to dismiss pursuant to Fed. R. Civ. P. 12(b) . . .. Thus, [the defendant] now seeks the dismissal of only those claims that fail as a matter of law, as demonstrated solely by the pleadings. As will be shown, three of [the plaintiff's] five claims fall within that category and therefore should be dismissed.

(Defendant's Reply Memorandum in Support of Motion to Dismiss at 1). Therefore, the court will treat the defendant's motion as a partial motion to dismiss. Given that the alternative motion for summary judgment was denied, the court has not considered any of the additional materials submitted by the defendant as attachments to its alternative motion in this decision and order. This motion has been fully briefed and will be addressed herein.

## MOTION TO DISMISS

A plaintiff's complaint only needs to provide a "short and plain statement of the claim showing that the pleader is entitled to relief" that is also sufficient to provide the defendant with "fair notice" of the claim and its basis. Windy City Metal Fabricators & Supply v, CIT Technology Financing Services, Inc., 536 F.3d 663, 667 (7th Cir. 2008) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 [2007]; Fed. R. Civ. P. 8[a][2]). In order to survive a motion for dismissal under Rule 12(b)(6), a complaint must state a claim to relief that is "plausible on its face" and rises above the "merely speculative." Twombly, 550 U.S. at 555.

When deciding a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff. Id. In doing so, the court must accept all facts alleged in the complaint to be true and it must resolve every reasonable doubt in favor of the plaintiff. Id. at 572; Harris v. Brock, 835 F.2d 1190, 1193 (7th Cir. 1987). The court, however, is "not bound to accept as true a legal conclusion couched as a factual allegation." Twombly, 550 U.S. at 555. Therefore, dismissal is only appropriate where, accepting all well-pleaded facts in the

complaint as true and drawing all inferences in favor of the plaintiff, the complaint does not

plausibly give rise to an entitlement to relief.  Id. at 556.

## FACTUAL ALLEGATIONS OF THE COMPLAINT

The plaintiff began working at defendant Cargill, Incorporated[1] in June 2008 as a

general production worker.  He was hired through a temporary or temp-to-hire agency.  Three

months later, on September 3, 2008, the plaintiff applied for a permanent position with the

defendant.  On September 5, 2008, the defendant received a consumer report on the plaintiff

that contained personal financial, credit and other private information pertaining to him,

including his conviction record.  The consumer report inaccurately stated that the plaintiff was

convicted of intentional homicide in 1991 when in fact he was convicted of reckless homicide.

On September 8, 2008, the defendant extended a conditional offer of employment to the

plaintiff, which required him to pass a medical examination and a drug test.  The plaintiff

accepted the offer and satisfied the conditions by passing both the medical examination and

the drug test.

On September 12, 2008, the defendant mailed the plaintiff a letter stating that it had

obtained a consumer report on him.  In that letter, the defendant enclosed a copy of the

consumer report and a statement of the plaintiff's rights under the Fair Credit Reporting Act

(FCRA).  It further stated that the defendant was reviewing the status of the plaintiff's

employment offer and would contact him in the near future with a final decision. The letter did

not identify from which reporting agency the report came or any information on how to contact

the agency.  It also did not state that the defendant could rescind its offer of employment or

---

[1]The defendant noted in its brief in support of its motion to dismiss that the plaintiff worked at Cargill Meat Solutions Corporation, a wholly-owned subsidiary of Cargill, Incorporated.  However, the defendant stated that it does not seek dismissal on that ground and does not dispute the issue for the purpose of this motion.

take any other adverse action on his employment based on the consumer report. On September 15, 2008, the defendant rescinded its offer of employment to the plaintiff.

The plaintiff maintains that the defendant willfully or recklessly failed to comply with the FCRA by: (1) rescinding its offer of employment without providing a reasonable amount of time after the plaintiff received a copy of the credit report to correct the mistake, (2) not providing a complete copy of the consumer report, (3) not stating that it may take adverse action on the plaintiff's employment status based on information in the report, (4) not identifying the person or agency that provided the consumer report, and (5) not providing information about how to contact the person or agency.

## ANALYSIS

As noted, in its reply brief, the defendant clarified that its motion to dismiss was limited to only three of the five claims set forth in the plaintiff's complaint. Specifically, the defendant asserts that the following contentions by the plaintiff should be dismissed for failure to state a claim: (1) that the defendant was required to state that it may take adverse action on the plaintiff's employment status based on information in the report, (2) that the defendant was required to identify the person or agency that provided the consumer report, and (3) that the defendant was required to provide information about how the plaintiff could contact the person or agency that provided the report.

The defendant maintains that the plaintiff abandoned these claims because he failed to defend them in his response to the defendant's motion to dismiss. The defendant also contends that these allegations fail as a matter of law based solely on the pleading because the FCRA does not require the defendant to provide any of the listed information prior to taking an adverse action against a consumer. Therefore, the defendant asserts that the plaintiff has failed to state a claim upon which relief may be granted with respect to these three claims.

A review of the plaintiff's response to the defendant's motion to dismiss shows that the plaintiff did not defend these three claims in his response. Rather, the plaintiff focused on the other two FCRA violations set forth in the complaint. However, the defendant stated in its reply brief that these two other claims were not the subject of its motion to dismiss.

When presented with a motion to dismiss, "the nonmoving party must proffer some legal basis to support his cause of action." Stransky v. Cummins Engine Co., 51 F.3d 1329, 1335 (7th Cir. 1995). While the court must take all inferences in favor of the plaintiff in deciding whether the claim is plausible, "[t]he federal courts will not invent legal arguments for litigants." Id. The court is also "not obliged to accept as true legal conclusions or unsupported conclusions of fact." Hickey v. O'Bannon, 287 F.3d 656, 658 (7th Cir. 2002). Therefore, if the defendant seeks a motion to dismiss the claims, the plaintiff must support in its response to the motion any and all claims it seeks to advance at trial. Any allegation not supported in the plaintiff's response to the defendant's motion to dismiss is waived. Kirksey v. R.J. Reynolds Tobacco Co., 168 F.3d 1039, 1041-1043 (7th Cir. 1999). Accordingly, because he did not respond to the defendant's motion to dismiss on these three claims, the plaintiff has waived them. See id.

Although the plaintiff waived these claims by failing to respond, the court will briefly address the defendant's contentions. Section 1681b of the FCRA imposes two sets of requirements on employers who take adverse action against a job applicant based in whole or in part on a consumer credit report obtained in connection with a job application when the applicant applies in person. First, before taking an adverse action, the employer must provide the applicant to whom the report related with (1) a copy of the report, and (2) a description in writing of the applicant's rights under the FCRA. 15 U.S.C. § 1681b(b)(3)(A)(i) and (ii). If the

employer fails to provide the applicant with either of these two items, either willfully or negligently, the applicant may file a private suit against the employer.  15 U.S.C. §§ 1681n-o.

Second, if the employer does take adverse action against the applicant by refusing to hire him, the employer then must provide the applicant with: (1) notice of the adverse action; (2) the contact information for the consumer reporting agency that furnished the report and a statement that the reporting agency did not make the decision to take adverse action; and (3) notice of the consumer's rights to obtain a free copy of the report and to dispute the accuracy or completeness of any information.  15 U.S.C. § 1681m(a)(1)-(2).  If the employer fails to provide the applicant with any of this information, the applicant may file grievances only with federal agencies or officials identified by the FCRA.  15 U.S.C. § 1681m(h)(8).  The applicant may not file a private suit against the employer.  Id.

Because the FCRA prohibits the plaintiff from bringing a private action against the defendant if it failed to provide any information following the adverse action, this court may only address whether the defendant violated the FCRA in failing to provide the correct information before adverse action was taken. 15 U.S.C. § 1681m(h)(8).  The plaintiff contends that the defendant violated the FCRA in its September 12, 2008, letter to him by failing to provide certain information about the consumer reporting agency and by failing to state that it may take adverse action based on the consumer report.

The FCRA only requires an employer to provide a copy of the consumer report and a written description of the person's rights under the statute prior to any adverse action.  15 U.S.C. § 1681b(b)(3)(A)(i) and (ii).  It does not require employers prior to taking any adverse action to advise applicants that the employer might take adverse employment action based on the consumer report, inform an applicant of the credit agency's identity or provide the credit agency's contact information to the applicant.  Thus, the plaintiff appears to confuse pre-

adverse action requirements and post-adverse action requirements under the FCRA, alleging that the defendant did not follow post-adverse action requirements in the pre-adverse action requirement stage. Accordingly, even when taking all inferences in favor of the plaintiff, the disputed claims fail as a matter of law.

In sum, the plaintiff has waived the following claims set forth in his complaint: (1) that the defendant failed to state that it may take adverse action on the plaintiff's employment status based on information in the consumer report, (2) that the defendant failed to identify the person or agency that provided the consumer report, and (3) that the defendant failed to provide information about how to contact the person or agency that provided the report because the plaintiff did not address these allegations in his response to the defendant's motion to dismiss.

Moreover, even if the court concluded that these claims were not waived, the plaintiff has failed to state a claim upon which relief can be granted because none of these claims constitutes a violation of the FCRA's pre-adverse action requirements and the plaintiff cannot bring a private suit for violations of the FCRA's post-adverse action requirements. 15 U.S.C. § 1681b(b)(3)(A)(i) and (ii); 15 U.S.C. § 1681m(h)(8). Thus, the defendant's partial motion to dismiss will be granted. This case will proceed only on the plaintiff's contentions that the defendant failed to provide a reasonable amount of time between its notice and taking adverse action and failed to provide a complete copy of the consumer report with its pre-adverse action notice as required by § 1681b of the FCRA. Because the defendant filed its motion to dismiss, it has not yet answered these remaining contentions. Therefore, the court also will order the defendant to serve and file its answer to the remaining claims in the complaint by no later than July 13, 2011.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that the defendant's partial motion to dismiss

be and hereby is **granted.** (Docket #4).

**IT IS FURTHER ORDERED** that the defendant shall serve and file its answer to the

remaining portion of the complaint on or before **July 13, 2011**.

Dated at Milwaukee, Wisconsin this 21st day of June, 2011.

BY THE COURT:

    s/ Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge